WILLIAM R. CHANDLER as Administrator, Etc., of HIRAM CHANDLER, Deceased, Respondent, *v.* E. BILLINGS ALLEN, Executor, Etc., of ISAAC B. ALLEN, Deceased, Appellant.

*Action to settle partnership accounts — proof of the amount of repairs made by one partner — the items of labor and materials must be given — the partner cannot testify as to the average amount of repairs — When a judgment will be reversed because of an error of the referee in admitting evidence.*

Upon the trial of this action, brought to settle the accounts of a firm that had been engaged in running a grist-mill, it appeared that the expenses of keeping the mill-flume and dam in repair were to be borne by the parties equally. Upon the examination of the plaintiff as a witness in his own behalf, he was allowed, against the objection and exception of the defendant's counsel, to state, in answer to questions put to him, that he should think that the repairs he had caused to be made, including the labor of his employees, amounted, in each year, upon an average, to about fifty dollars, and that the repairs he had caused to be made in the last thirteen years were worth $300.

*Held,* that it was error to allow the plaintiff to give an aggregate estimate as to the yearly cost of the repairs, grouping together the labor of himself and his employees and the cost of the materials used; or to give such an estimate as to the gross amount of the repairs for thirteen years.

That the items of labor and the materials furnished should be proved with reasonable certainty, before any allowance could be made therefor.

That as the evidence was material, and bore upon an important issue, it must be presumed to have been influential with the referee, and that a new trial must therefore be ordered.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The original plaintiff died after the trial and before the decision of the referee, and the original defendant died after the perfecting of the appeal from the judgment herein.

*M. M. Waters,* for the appellant.

*H. C. Miner,* for the respondent.

BOCKES, J. :

The action was brought to settle a partnership and for an accounting in regard to the partnership business. The business consisted in the running of a grist-mill and dealings in flour and

grain, and extended during the period from the autumn of 1862 to July, 1875. The report of the referee is meagre and indistinct ; but it seems from the pleadings and evidence that the original defendant was sole owner of the mill, and that the plaintiff's intestate put his labor and skill in the business against the use of the mill. Then the referee finds that under the partnership arrangement the parties thereto were to bear equally between them the expense of keeping the mill-flume and dam in repair, and were to divide the profits resulting from the business in equal' proportions. He further finds that the expenses for repairs were borne equally by the partners during the term of the partnership, and that neither of them had any claim against the other therefor ; and on further adjustment of the partnership accounts, other than for said expenses for repairs, he finds that there was due to the plaintiff's intestate from the defendant's testator, for his half of the profits of the business, the sum of $525.94, and that there were outstanding and uncollected claims and accounts of the firm amounting to $1,400, some of which, according to the evidence, were collectible.

The referee omits to state whether there were any unpaid debts outstanding against the firm, although this fact was put in issue by the pleadings. He directed judgment against the original defendant for $525.94, with costs, and also directed the appointment of a receiver " to take charge of the effects" of the firm, or, as this direction is understood, to make collections of the outstanding claims and accounts of the firm. It does not appear that a receiver was appointed ; on the contrary, it is stated in the record that such appointment was denied at Special Term, but on what ground is not given.

The first alleged ground of error relates to the admission of evidence. It appears that the subject of expense in keeping the mill-flume and dam in repair during the partnership term was made, by the pleadings and evidence, an important element in the adjustment of the partnership accounts between the partners. The partners were to bear this expense equally, and the referee, on the evidence submitted to him, found that they both complied with this provision in the partnership contract, and that neither had any claim against the other therefor. The plaintiff, on the

trial, gave evidence on this subject. He testified that he caused the repairs on the dam and flume to be made out of his own means. He was then asked: "What would these repairs amount to each year, upon an average?" He was allowed to answer, against objection, and said: "I should think fifty dollars per year; that included the labor I have done and employed." And again: "What was the work you have done upon the mill and dam in repairing them, in the last thirteen years, worth?" The witness was allowed to answer, against objection, putting his estimate at $300.

In the admission of this evidence there was manifest error. It was improper to permit the witness to give an aggregate estimate, grouping together labor of himself and of his servants and employees, and also materials used in repairs, and fixing upon an average amount per year, or a gross amount for thirteen years. These expenses should have been itemized by regular entries in his partnership books. Not having been so entered, the party would be allowed to prove the items and their amounts; still, the items of labor and the materials furnished should be proved with reasonable certainty before an allowance could be properly made for them. To aggregate the expenses by the year, or for thirteen years, without giving particulars from which to determine the outlay or amount to be allowed, was permitting the witness, a party to the action in this case, to take the place of the referee in fixing the allowance to be made to himself. He left little or nothing to the judgment of the referee; nothing save to adopt his conclusion, giving as an average aggregate for labor and materials left by the witness unspecified and but generally defined in character or kind. To show the utter impropriety of this evidence, we need only to refer to the cross-examination of the witness, where he says: "I said the $300 for repairing mill and dam was *estimated, or guess-work.*" He also stated that *some* of the charges for repairs were contained in his account, and he then added: "I did not include the charges for repairs charged on the book when I made my estimate of $300." The impropriety of this evidence is very apparent.

It is suggested by the respondent's counsel that it is not made to appear that this evidence was accepted as influential with the

referee.   It bore, however, distinctly upon an important issue, and it must be presumed to have been influential.  (*Foote* v. *Beecher*, 8 W. Dig., 520; *Schoonmaker* v. *Wolford*,* MSS. opinion.)   That it was so, too, is quite manifest.   An allowance to a very considerable amount must have been made by force of it, as there were, in point of fact, large expenditures for repairs on the part of the defendant, balanced by like large expenditures on the part of the plaintiff.   The referee found the expenses incurred by the parties respectively for repairs balanced, so that neither had any claim against the other therefor.   Thus the evidence was material, and was doubtless influential with the referee.

Because of the admission of the improper evidence above alluded to, there must be a new trial, and an examination of other questions in the case becomes unnecessary.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed, new trial ordered, referee discharged, costs to abide event.